**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BLUESKYGREENLAND ENVIRONMENTAL SOLUTIONS, L.L.C.** | § § § | |
| *Plaintiff,* | § § § | |
| | § | **C.A. No.** _____ |
| v. | § § § | |
| **RENTAR ENVIRONMENTAL SOLUTIONS, INC. AND OTHERS** | § § § § | |
| *Defendants.* | § § | |

**DEFENDANTS 21ST CENTURY PLANET FUND LLC, AND GREGORY E. GEORGAS'S NOTICE OF REMOVAL**

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1441, 1446, 1331, and 1332, as well as Local Rule 81, Defendants 21st Century Planet Fund L.L.C. ("21st Century") and Gregory E. Georgas ( "Georgas") (collectively, "Defendants") hereby remove this action from the 26 8th Judicial District of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and shows as follows:

**FACTS SUPPORTING THE REQUESTED RELIEF**

1. On February 11, 2011, Plaintiff Blueskygreenland Environmental Solutions, L.L.C. filed suit against Defendants in the 268th Judicial District Court of Fort Bend County, Texas. 21st Century, through its registered agent, received a copy of the Petition from the Texas Secretary of State on April 12, 2011. This Notice of Removal is filed within thirty days of the date on which 21st Century first received a copy of the Petition. Therefore, this Notice of

Removal is timely. *See* 28 U.S.C. § 1446(b); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

2.     This is a case regarding Plaintiff's business relationship with Defendant Rentar Environmental Solutions, Inc.   Plaintiff claims that, in 2007 it entered into a contract under which Plaintiff would act as Rentar's distributor in India and other foreign countries. *See* PL'S. PET. at ¶¶ 7. Plaintiff claims that, in 2010, Rentar conspired with the other defendants to replace Plaintiff with 21st Century. *Id.* at 27-28.   Plaintiff alleges that Defendants' actions constituted breach of contract, promissory estoppel/detrimental reliance, unjust enrichment, common law fraud, civil conspiracy and interference with Plaintiff's contract and business relationship. *Id.* at ¶¶ 31-38.

3.     Plaintiff prays for monetary relief in the form of general damages, special damages, exemplary damages, attorney's fees and pre and post judgment interest. *Id.* at ¶ 39-42.

## BASIS FOR REMOVAL

4.     Removal is proper because there is complete diversity of citizenship between the parties and the alleged amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a).

## A.  Diversity of Citizenship

5.     Plaintiff is domiciled in the State of Texas.  PL'S. PET. at ¶ 1.

6.     Defendant Gregory E. Georgas is domiciled in Florida.  *Id.* at 2.

7.      Defendant 21st Century Planet Fund L.L.C. is domiciled in Florida. *Id.* at 2. The sole member of this limited liability company is Defendant Gregory E. Georgas. *Id.* at 2.

8.     Defendant Rentar Environmental Solutions Inc. is domiciled in Delaware. *Id.* at 2.

9.     Defendant Michael P. Hoban is domiciled in Florida. *Id* at 2.

10.    Defendant Venkat Kumar Tangirala is domiciled in Virginia. *Id.* at 2.

11.     Defendant Ravi Kumar Tangirala is domiciled in Virginia. *Id.* at 2.

12.     Because Plaintiff is a citizen of Texas and the defendants are citizens of Delaware, Florida and Virginia, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**B.  Amount in Controversy**

13.     The amount in controversy exceeds the jurisdictional limits of this Court; Plaintiff's Petition alleges it seeks the recovery of at least $250,000.00, and potentially millions of dollars.  Removal is proper where a defendant can show  that the amount in controversy is greater than the jurisdictional minimum. *See St. Paul Reinsurance Co. Ltd. v. Greenburg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (affirming district court's conclusion that is was "more probable than not" that damages were over $75,000 where the total amount of relief was not stated in the petition).  A defendant can meet its burden if it is "facially apparent" from the petition that the claims probably exceed $75,000, or if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Ham v. Board of Pensions of the Presbyterian Church*, No. 3:04-CV-2692-P, 2005 U.S. Dist. LEXIS 3682, at *6-9 (N.D. Tex. Mar. 8, 2005); *Carnahan v. South Pac. R.R. Transp. Co.*, 914 F. Supp. 1430, 1431-32 (E.D. Tex. 1995).

14.     From the allegations and causes of action set forth in the Petition, it is more probable than not that the total amount in controversy exceeds $75,000.  Plaintiff has asserted causes of action for breach of contract, promissory estoppel / detrimental reliance, unjust

enrichment, common law fraud, civil conspiracy, interference with a business relationship, and interference with contract. While Plaintiff has not articulated the specific damages sought for each cause of action, Plaintiff has alleged that it seeks to recover it general damages, special damages, exemplary damages, and attorney's fees. Plaintiff has articulated that the damages it seeks for its claims for unjust enrichment exceed $75,000.00. In this regard, Plaintiff contends that it spent over $250,000.00 in research and marketing to promote Rentar's products. PL'S. PET. at ¶ 34. The damages recoverable for unjust enrichment are the reasonable value of services and materials (and value has been construed to mean the expenses incurred while providing those services and materials). *See City of Houston v. Swinerton Builders, Inc.,* 233 S.W.3d 4, 10 n.7 (Tex. App. – Houston [1st Dist._ 2007, no pet.); *PIC Rlty. Corp. v. Southfield Farms, Inc.* 832 S.W.2d 610, 616 (Tex. App. – Corpus Christi 1992, no writ). Accordingly, Plaintiff purportedly seeks $250,000,00 in damages for this claim. Moreover, Plaintiff has alleged interference with relationships allegedly worth "many millions of dollars." PL'S. PET. at ¶¶ 9-10. Based on these allegations, it is more probable than not that the total amount in controversy exceeds $75,000.00.

15.     Consequently, because the there is complete diversity between the parties and the amount in controversy exceeds the jurisdictional requirements, this Court has jurisdiction over this matter by virtue of diversity.

### JURY DEMAND

16.     Plaintiff did not demand a jury in the state-court suit.

### REMOVAL REQUIREMENTS

17.     This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1441.

18.     Pursuant to Southern District of Texas Local Rule 81, and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

    (a)    An index of matters being filed is attached hereto as <u>Exhibit A</u>.

    (b)    The state court docket sheet, all executed process in the case, all pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings, all orders signed by the state judge is attached hereto as <u>Exhibit B</u>.

    (c)    A list of all counsel of record, including addresses, telephone numbers and parties represented is attached hereto as <u>Exhibit C</u>.

19.     Rentar Environmental Solutions, Inc., Michael Hoban, Venkat Kumar Tangirala, and Ravi Kumar Tangirala hereby consent to the removal of this lawsuit to federal court.

20.     Simultaneously with the filing of this Notice of Removal, Defendants are filing copies of the Notice in the 268th Judicial District of Fort Bend County, Texas, pursuant to 28 U.S.C. § 1446(d).

21.     Defendants will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

## CONCLUSION

For these reasons, Defendants ask the Court to remove this action from the 268th Judicial District of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

LOCKE LORD BISSELL & LIDDELL LLP

By: _____

    Vijay A. D'Cruz
    Texas State Bar No. 24028300
    Chris Verducci
    State Bar No. 24051470
    2800 JP Morgan Chase Tower
    600 Travis
    Houston, Texas 77002
    (713) 226-1200
    (713) 223-3717 (facsimile)

*ATTORNEYS FOR DEFENDANTS, 21ST CENTURY PLANET FUND L.L.C. AND GREGORY E. GEORGAS*

## CERTIFICATE OF CONFERENCE

    I hereby certify that my office has spoken with Rentar Environmental Solutions, Inc., Michael Hoban, Venkat Kumar Tangirala, and Ravi Kumar Tangirala about removal of this action. Each of them consented to the removal of this action to federal court, and each has authorized 21st Century and Georgas to formally represent to the Court on their behalf that they have consented to the removal. 21st Century and Georgas's authorization on behalf of Rentar Environmental Solutions, Inc., Michael Hoban, Venkat Kumar Tangirala, and Ravi Kumar Tangirala is limited solely to representing to the Court that they consent to removal of this action. 21st Century and Georgas do not have authority to act in any other way on their behalf.

_____
Chris Verducci

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent to all parties shown below, via electronic notification, certified mail return receipt requested, facsimile, or hand delivery on this the ___ day of May, 2011:

Stephen E. Menn
P.O. Box 572774
Houston, TX 77257-2774
(832) 654-2948
FAX (713) 780-2352
Texas Bar No. 13942200

**ATTORNEYS FOR PLAINTIFF, BLUESKYGREENLAND
ENVIRONMENTAL SOLUTIONS, L.L.C.**

Michael P. Hoban
201 S. Narcisss Ave, Penthouse 3
West Palm Beach, FL 33401

**APPEARING PRO SE**

Ravi Kumar Tangirala
2210 Los Pueblos Lane, Apt. #203
Falls Church, VA 22043-2281

**APPEARING PRO SE**

Rentar Environmental Solutions Inc.
Michael Delfino (Registered Agent)
686 N. Dupont Highway #107
Milford, Delaware 19963

**COUNSEL UNKNOWN AT THIS TIME**

Venkat Kumar Tangirala
2210 Los Pueblos Lane, Apt. #203
Falls Church, VA 22043-2281

**COUNSEL UNKNOWN AT THIS TIME**

_____
Chris Verduci