**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BLUESKYGREENLAND** | § | |
| **ENVIRONMENTAL SOLUTIONS,** | § | |
| **L.L.C.** | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| **V.** | § | **C.A. No. 4:11-cv-01745** |
| | § | |
| **RENTAR ENVIRONMENTAL** | § | |
| **SOLUTIONS, INC.,** | § | |
| **AND OTHERS** | § | |
| | § | |
| **DEFENDANTS** | § | |
| | § | |
| | § | |
| | § | |

---

**PLAINTIFF'S SURREPLY TO THE MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION OF DEFENDANT
RENTAR ENVIRONMENTAL SOLUTIONS, INC.**

---

**COMES NOW, BLUESKYGREENLAND ENVIRONMENTAL**

**SOLUTIONS, L.L.C.,** and makes this its surreply to the reply of RENTAR

ENVIRONMENTAL SOLUTIONS, INC., and for good grounds it would

respectfully show the Court as follows:

1.      In its reply to the Plaintiff's response to its motion to dismiss for want of

personal jurisdiction, the defendant RENTAR ENVIRONMENTAL SOLUTIONS,

INC. raises three points they are:

   i.)        There is a mandatory forum selection clause involved in this case.

1

ii.)        There are insufficient minimum contacts under International Shoe to support jurisdiction in Texas.

iii.)        The effect of a civil conspiracy in the forum state is insufficient to support personal jurisdiction.

2.        The plaintiff's complaint focuses on actions by a group of defendants to induce the plaintiff into performing acts for the benefit of the defendants in their joint plan to launch a new business enterprise in India. The conspirators did this by convincing the plaintiff that it would be a part of the new business venture. When the time came to put the new venture in place, the plaintiff was excluded from  the new venture.

3.        The plaintiff is not suing over an order placed and paid for and a failure to ship by Rentar. The contents of the supply contract that plaintiff once had with defendant are irrelevant to plaintiff's causes of action. The reach referenced in plaintiff's original state petition was the agreement that Rentar and others made with plaintiff to include it in the new business venture in India. As this cause of action has proved confusing to the parties and the facts alleged by plaintiff support several tort claims, the plaintiff has moved for leave to amend its complaint so as to simply the issues.

4.        Therefore, defendant RENTAR's claim that this situation is governed by a mandatory forum selection clause is irrelevant.

5.        According to caselaw originally cited by plaintiff in its response, ***McFadin v. Gerber,*** 587 F.3d 753 (5th Cir. 2009), contacts must be substantial, continuous

and systemic to support personal jurisdiction. In the *McFadin* case, there was no such contact. The defendant there shipped some handbags to Texas. That paltry contact is far different from the quantity and nature of the contacts here.

6.      As mentioned in plaintiff's response to defendant's motion, defendant RENTAR contacted plaintiff over seven hundred (700) times with plaintiff in Texas over a three year period. The subject matter of the communications was wide ranging. There were communications that focused on the proposed new business venture in India. With regular and continuous contact with the state of Texas, RENTAR cannot claim surprise at being haled into a Texas court.

7.      Therefore, RENTAR cannot now claim that it has had mere incidental or fortuitous contact with Texas. It has had very many intentionally directed communications with a Texas company for the purpose of advancing all of its business interests, including the scheme it perpetrated upon the plaintiff to procure its assistance and then cut it off.

8.      Finally, the defendant urges that jurisdiction is not permissible if the only forum state impact is the damages of a civil conspiracy. However, that assertion ignores the other facts alleged by plaintiff upon which jurisdiction is based. Those facts are the frequent, numerous, and purposeful contacts between the defendant and the forum state. The *McFadin* case was quoted by plaintiff in its response because it clarifies that it is the intent of the defendant in consciously directing communications and actions towards the forum state that establishes the fairness prong of personal jurisdiction. That case supports plaintiff's assertion of jurisdiction in Texas.

3

9.      Therefore, the third argument made by RENTAR also fails.

        WHEREFORE, PREMISES CONSIDERED, the Plaintiff respectfully
requests that it be granted the following relief:

- That the motion to dismiss for want of jurisdiction made by Rentar

    Environmental Solutions, Inc., be denied in all things; and,

- That the Plaintiff be granted such further relief, at law and in equity, to

    which it may be justly entitled.


                        RESPECTFULLY SUBMITTED:

                        LAW OFFICE OF STEPHEN E. MENN
                        P.O. BOX 572774
                        HOUSTON, TEXAS 77257-2774
                        PHONE 832-654-2948
                        FAX 713-780-2352


            BY:     _____/s/Stephen E. Menn_____
                        STEPHEN E. MENN
                        TEXAS BAR NO. 13942200

CERTIFICATE OF SERVICE

I, Stephen E. Menn, attorney of record for the plaintiff, do hereby certify that a true and correct copy of the foregoing pleading was on this day served upon counsel for represented defendants by fax transmission and first class mail; and, to the remaining parties by certified mail/return receipt requested, addressed to such defendants at the addresses set forth below.

DATE:  October 7, 2011

___/s/Stephen E. Menn_____
STEPHEN E. MENN

Christopher Verducci
VijayA. D'Cruz
Locke Lord Bissell & Liddell LLP
600 Travis Street #2800
Houston, Texas 77002
(713) 223-3717 (Facsimile)
A TTORNEYS FOR DEFENDANTS 21st CENTURY
PLANET FUND L.L.C. AND GREGORY E. GEORGAS

Michael P. Hoban
201 S. Narcissus Ave, Penthouse 3
West Palm Beach, FL 33401

Ravi Kumar Tangirala
2210 Los Pueblos Lane, Apt. #203
Falls Church, VA 22043-2281

Nelson M. Jones III
Attorney at Law
440 Louisiana #1575
Houston TX 77002
FAX 713-236-8990
Attorney for Rentar Environmental Solutions Inc.

Venkat Kumar Tangirala
2210 Los Pueblos Lane, Apt. #203
Falls Church, VA 22043-2281