UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BLUESKYGREENLAND ENVIRONMENTAL SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> V. <br><br> RENTAR ENVIRONMENTAL SOLUTIONS, INC., *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § <br><br> Civil Action No. 4:11-cv-01745 |

## MEMORANDUM AND ORDER

Before the Court is Defendants 21st Century Planet Fund LLC and Gregory E. Georgas' Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss"). (Doc. No. 5.) After considering the Motion to Dismiss, all responses and replies thereto, and the applicable law, the Court concludes that the Motion to Dismiss should be **GRANTED**.

### I. BACKGROUND[1]

Plaintiff Blueskygreenland Environmental Solutions, LLC ("Plaintiff" or "Bluesky") is a Texas limited liability company that exports environmentally-friendly United States products and services. Rentar Environmental Solutions, Inc. ("Rentar") manufactures an in-line pre-combustion fuel catalyst ("RFC"), which treats fuel to enhance combustion, thus increasing fuel efficiency and reducing emissions. In 2007, Bluesky and Rentar entered into a contract granting Bluesky a distributorship of Rentar's

---
[1] All facts are taken from Plaintiff's First Amended Complaint. (Doc. No. 26.)

1

product in various countries, including India. The contract was set to expire in 2010. Bluesky claims that it invested more than $250,000 and three years of research to market RFC to potential customers in India. Bluesky states that these efforts, which Bluesky alone paid for, created goodwill and name recognition for the product among potential Indian customers. Prior to 2010, any inquiries about Rentar products from the Indian market were allegedly forwarded to Bluesky, and Rentar acknowledged Bluesky as the sole distributor of its products in India. Although the written agreement between the companies stated that the distributorship was non-exclusive, Bluesky believes that telephone and email communications established Bluesky as the exclusive Indian distributor.

Bluesky states that, in summer of 2010, Rentar introduced Bluesky by phone to Mike Hoban ("Hoban"), the business agent of Gregory E. Georgas ("Georgas"). Bluesky claims that it was informed that Hoban's "group in India" employed someone named Venkat Kumar Tangirala ("Venkat Tangirala"). In June 2010, Rentar allegedly arranged conference calls between itself, Bluesky, and Hoban concerning business affairs in India. According to Bluesky, the parties then met in person in West Palm Beach, Florida in July 2010, and also exchanged various emails. Pursuant to Hoban's request, Bluesky claims that he provided Venkat Tangirala with all of its research and marketing materials. Once he received the materials, Bluesky alleges, Targirala realized "the very large scope and the commercial viability of the business in the huge Indian market." Bluesky believes that, as a result, Venkat Tangirala began negotiations with Rentar and Hoban to persuade them to drop Bluesky as the exclusive distributor in India and to substitute Venkat Tangirala and a new entity in Bluesky's place. Georgas then allegedly formed a Florida

2

corporation, 21st Century Planet Fund, LLC ("21st Century"), to participate in the India venture. In July 2010, Bluesky explains, Bluesky and 21st Century entered into a written contract to split the profits equally on sales to APSRTC, the India State bus line. Thereafter, Bluesky claims, 21st Century dissolved and reformed as a Delaware corporation for the purpose of avoiding contractual liability to Bluesky.

According to Bluesky, Tangirala's brother, Ravi Kumar Tangirala ("Ravi Tangirala") then facilitated an agreement between Rentar, 21st Century, and Hoban for the Indian market. Bluesky explains that this agreement established 21st Century and the Tangirala brothers as the exclusive distributors of Rentar's product in India. This agreement was allegedly signed while Rentar's contract with Bluesky was still in effect. Bluesky argues that the purpose of the agreement was to appropriate and steal the extensive scientific and marketing work Bluesky had done to prepare the Indian market for Rentar's product.

Bluesky brought this suit in Texas state court against Rentar, Georgas, 21st Century, Hoban, Venkat Tangirala, and Ravi Tangirala (collectively, "Defendants"). Defendants then removed this lawsuit pursuant to this Court's diversity jurisdiction. In its First Amended Complaint, Bluesky brings actions against Defendants for promissory estoppel/detrimental reliance, unjust enrichment, common law fraud, civil conspiracy, interference with a business relationship, and interference with a contract. Bluesky seeks general, special, and exemplary damages, as well as attorneys' fees. Defendants 21st Century and Georgas filed this Motion to Dismiss for Lack of Personal Jurisdiction.

II.     **LEGAL STANDARD**

"Absent a rule or statute to the contrary, . . . a federal court [may] exercise jurisdiction over only those defendants who are subject to the jurisdiction of courts of the state in which the court sits." *Point Landing, Inc. v. Omni Capital Intern., Ltd.*, 795 F.2d 415, 419 (5th Cir. 1986), *aff'd sub nom. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987). Becausee the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-17.045, is coterminous with the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Court's constitutional due process inquiry into personal jurisdiction also serves as an inquiry into personal jurisdiction under the Texas long-arm statute. *Command-Aire Corp. v. Ontario Mech. Sales & Service Inc.*, 963 F.2d 90, 93-94 (5th Cir. 1992).

Plaintiffs bear the burden of demonstrating facts sufficient to support personal jurisdiction over any nonresident defendants. *United Galvanizing, Inc. v. Imperial Zinc Corp.*, No. H-08-0551, 2008 WL 4746334, at *3 (S.D. Tex Oct. 27, 2008). To comport with constitutional due process, plaintiffs must show that: (1) defendants purposefully availed themselves of the benefits and protections of Texas law, thereby establishing "minimum contacts" with Texas such that defendants could reasonably have anticipated being haled into court there; and (2) under the circumstances, the exercise of personal jurisdiction does "not offend traditional notions of fair play and substantial justice." *Command-Aire Corp.*, 963 F.2d. at 94 (citing *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); and *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir.1990)). "'There are two types of minimum contacts: those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction.'" *Johnston v. Multidata Systems Intern.*

*Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)).

Specific jurisdiction exists "[w]hen a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citation omitted). "The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Burger King*, 471 U.S. at 474). *See also Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 369 (5th Cir. 2010) ("The 'purposeful availment' element ensures that a defendant will not be haled into court in a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or the unilateral activity of another person or third party."). Further, specific jurisdiction "requires a sufficient nexus between the non-resident's contacts with the forum and the cause of action." *Clemens*, 615 F.3d at 378-79. Indeed, the non-resident defendant must purposefully avail herself of the privilege of conducting activities in the forum state. *Id.* at 379.

General jurisdiction, in contrast, can be exercised when a defendant's contacts with the forum state are substantial, continuous, and systematic, though unrelated to the litigation. *Cent. Freight Lines, Inc.*, 322 F.3d at 381. The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston*, 523 F.3d at 609.

Although the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists, a *prima facie* showing suffices, and the plaintiff need not

5

establish jurisdiction by a preponderance of the evidence. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citation omitted). Moreover, the "court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Id.* (citation omitted). "'The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

### III. DISCUSSION

According to 21st Century and Georgas, this dispute has no connection to the State of Texas. Indeed, they assert, Rentar and 21st Century, neither of which is a Texas entity, entered into a distribution agreement for sales in India. Similarly, 21st Century and Edge Solutions, LLC ("Edge"), which also is not a Texas entity, entered into a consulting agreement relating to sales in India. According to 21st Century and Georgas, none of the contracts at issue was negotiated or performed in Texas, and 21st Century and Georgas do not conduct business in Texas or otherwise have minimum contacts with the State. Specifically, 21st Century is a Delaware limited liability company with its principal place of business in West Palm Beach, Florida. Georgas, as the managing and only member of 21st Century, is a resident of and domiciled in Florida. According to 21st Century and Georgas, their contact with Bluesky was limited to a single telephone call, which Rentar initiated, concerning an arrangement that Bluesky ultimately rejected. Georgas was in Florida at the time of the call, and he was unaware of the location of Mr. Ansari, who conducted the call on behalf of Bluesky.

Based on these facts, 21st Century and Georgas argue that they do not have sufficient minimum contacts with Texas to support personal jurisdiction. First, there is no specific jurisdiction because, 21st Century and Georgas assert, the underlying contracts and business dealings in this case concern sales of products in India, and were not performed in Texas. Furthermore, they insist, Bluesky's Texas residence does not confer specific jurisdiction over either Georgas or 21st Century. Second, 21st Century and Georgas explain, their contacts are insufficient to support general jurisdiction because they are not substantial, continuous and systematic.

Bluesky responds that its Original Complaint may have created confusion, as it appears to assert claims for breach of contract against 21st Century and Georgas, which Bluesky did not intend. As reflected in its First Amended Complaint, Bluesky now brings only *tort claims* against 21st Century and Georgas. Thus, Bluesky argues, any personal jurisdiction analysis should be based on the fact that 21st Century and Georgas allegedly committed a tort against a Texas resident.

Bluesky argues that this Court has personal jurisdiction over 21st Century and Georgas because Edge,[2] acting as 21st Century and Georgas' agent, repeatedly conducted phone calls with Bluesky when Bluesky was located in Texas. In their Reply to Bluesky's Response to the Motion to Dismiss, 21st Century and Georgas deny that Edge was their agent, insisting instead that Edge was an independent contractor. Furthermore, they claim, even if Edge were their agent, his phone calls with Bluesky are insufficient to establish personal jurisdiction.

---

[2] In its Response, Bluesky refers to Hoban as 21st Century and Georgas' agent. Hoban operated under the trade name of Edge and, in that capacity, participated in numerous telephone calls with Bluesky. (Resp. to Mot. Dismiss, Doc. No. 9 at 13.) To avoid confusion, the Court will refer to Edge throughout this Memorandum and Order.

### A.     *Jurisdiction Based on Actions by 21st Century and Georgas' Alleged Agent*

Actions by an agent in a forum state may be sufficient to establish personal jurisdiction over the principal. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 55 (1st Cir. 2002); *In re IFS Financial Corp.*, No. 02-39553, 2007 WL 2692237, at *11 (Bankr. S.D. Tex. Sept. 11, 2007); *Williamson v. Petrosakh Join Stock Co. of the Closed Type*, 952 F.Supp. 495, 498 (S.D. Tex. 1997); *O'Quinn v. World Indus. Constr., Inc.*, 874 F.Supp. 143, 145 (E.D. Tex.), *aff'd*, 68 F.3d 471 (5th Cir. 1995). To support the exercise of personal jurisdiction based on an alleged agent's activities in the forum state, a plaintiff must cite or proffer facts from which the court could infer an agency relationship. *Sunshine Kids Found. v. Sunshine Kids Juvenile Prod., Inc.*, No. H-09-2496, 2009 WL 5170215, at *14 (S.D. Tex. Dec. 18, 2009). Conclusory assertions, without evidence in the record, are insufficient to infer agency relationship for the purposes of establishing personal jurisdiction. *United Galvanizing Inc.*, 2008 WL 4746334, at *6; *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 459 (10th Cir. 1996).

"Under Texas Law, '[a]gency is the consensual relationship between two parties when one, the agent, acts on behalf of the other, the principal, and is subject to the principal's control.'" *Indian Harbor Ins. Co. v. Valley Forge Ins. Group*, 535 F.3d 359, 364 (5th Cir. 2008) (quoting *Happy Indus. Corp. v. Am. Specialties, Inc.*, 983 S.W.2d 844, 852 (Tex.App.-Corpus Christi 1998, pet. dism'd w.o.j.)). "'To prove agency, evidence must establish that the principal has both the right: (1) to assign the agent's task; and (2) to control the means and details of the process by which the agent will accomplish the task.'" *Id.* (quoting *Happy Indus. Corp.*, 983 S.W.2d at 852). "'It is the

8

principal's extent of control over the details of accomplishing the assigned task that primarily distinguishes the status of independent contractor from that of agent.'" *Id.* (quoting *Happy Indus. Corp.*, 983 S.W.2d at 852). If, for example, a contract provides little direction as to when, where, or how an individual is to perform his work, he or she is likely an independent contractor. *O'Quinn*, 874 F.Supp. at 145.

Bluesky alleges that Edge was an agent of 21st Century and Georgas. Bluesky provides no support for his position, however, beyond stating that 21st Century and Georgas admit that there is an agency relationship in their Motion to Dismiss. Contrary to Bluesky's assertion, the Motion to Dismiss does not appear to describe Edge as an agent. Furthermore, the Edge Solutions Marketing Agreement ("Agreement") between Edge and 21st Century, attached as an exhibit to the Motion to Dismiss, expressly states that Edge is an "independent contractor." (Ex. 4 to Doc. No. 5, at 2.) Georgas' affidavit also confirms that Edge was an independent contractor. (Ex. 2 to Doc. No. 5, Georgas Aff. ¶ 13.) Indeed, the Agreement displays no direction as to when, where, or how Edge was to perform its work for 21st Century and Georgas, which implies an independent contractor relationship. (*Id.*); *O'Quinn*, 874 F.Supp. at 145. Bluesky has introduced no facts to support its allegations that Edge was 21st Century and Georgas' agent, and the facts in the record strongly suggest that Edge was an independent contractor. Thus Edge's contacts with Texas, even if sufficient to establish personal jurisdiction over Edge, do not permit this Court to assert personal jurisdiction over 21st Century and Georgas.

### B. *General Jurisdiction Over 21st Century and Georgas*

There is no basis for the Court to assert general jurisdiction over 21st Century and Georgas. As 21st Century and Georgas explain, 21st Century is incorporated in Delaware

and has its principal place of business in Florida. Georgas lives and resides in Florida. Neither Georgas nor 21st Century have ever maintained an office or place of business in Texas; maintained a registered agent for service process in Texas; maintained local listings in telephone or business directories in Texas; owned any property or assets in Texas; paid taxes in Texas; had employees, managers, officers, directors, or agents in Texas; advertised in Texas; recruited any Texas residents; sold products or services in Texas; or maintained a website. "Even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." *Johnston*, 523 F.3d at 609 (quotation omitted). Indeed, "[r]andom, fortuitous, or attenuated contacts are not sufficient to establish jurisdiction." *Id.* at 610 (quotation omitted). Furthermore, "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Id.* (citation omitted). Bluesky offers no evidence of substantial, continuous, and systematic contacts of 21st Century or Georgas with Texas. The single phone call between Bluesky and 21st Century is simply "too insignificant and sporadic to 'constitute a general presence in the state.'" *Id.* (quoting *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir. 1990)).

### C. *Specific Jurisdiction Over 21st Century and Georgas*

Nor does the single phone call between Bluesky and 21st Century give rise to specific jurisdiction. "A single act by a defendant can be enough to establish personal jurisdiction if that act gives rise to the claim asserted." *FCA Investments Co. v. Baycorp Holdings, Ltd.*, No. 01-20717, 2002 WL 31049442, at *2 (5th Cir. 2002) (citing *Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001)). The Fifth Circuit has observed that

"[w]hen the *actual content* of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment" for the purposes of establishing personal jurisdiction. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) (emphasis added); *see also FCA Investments Co.*, 2002 WL 31049442, at *2 ("In cases alleging the intentional tort of fraud, the defendant's participation in a single telephone call is enough to establish personal jurisdiction if the content of the call gave rise to the fraud claim." (citing *Lewis*, 252 F.3d at 359)). When "communications merely solicit[] business from the forum, negotiate[] a contract, form[] an initial attorney-client relationship, or involve[] services not alleged to form the basis of the complaint," however, there is no purposeful availment. *Id.* The single phone call in this case did not give rise to Bluesky's claims. It is therefore insufficient to establish personal jurisdiction over 21st Century and Georgas.

### D.     *Personal Jurisdiction Based on Bluesky's Location in Texas*

Bluesky does not appear to assert that this Court has personal jurisdiction because Bluesky is located in Texas. To the extent that Bluesky intends to make this argument, however, it is unavailing. Bluesky cannot make a *prima facie* showing of personal jurisdiction based only on the fortuity that it resides in Texas. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). If the Court were to accept this argument, "a nonresident defendant would be subject to jurisdiction in Texas for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts." *Id.* at 870. "Such result would completely vitiate the constitutional requirement of minimum contacts and purposeful

availment." *Id.* Bluesky's presence in Texas, therefore, is insufficient to give rise to personal jurisdiction.

### E. Fair Play and Substantial Justice

Even if Bluesky and Georgas did have minimum contacts with Texas, personal jurisdiction in these circumstances would offend traditional notions of fair play and substantial justice. Once minimum contacts are shown, the Court has jurisdiction unless the defendant can make a compelling case that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction. *Johnston*, 523 F.3d at 615. To evaluate the reasonableness of exercising jurisdiction, the Court should consider: "(1) the burden on the defendant; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the shared interests of the several states." *Id.* 21st Century and Georgas have made a compelling case that personal jurisdiction in these circumstances would offend fair play and substantial justice. First, 21st Century and Georgas will be substantially burdened if forced to litigate in Texas, as they are both located in Florida. Second, Texas has little interest in adjudicating a case involving contracts negotiated outside of Texas for distribution of goods outside of Texas. Finally, Florida surely has a greater interest in the dispute between Bluesky and 21st Century and Georgas than Texas does, as the contracts were negotiated in Florida, the majority of the parties are located in Florida, and the contract mandates that Florida law will govern any dispute between the parties.

### IV. CONCLUSION

The Court finds that it does not have personal jurisdiction over 21st Century and Georgas. Bluesky has not succeeded in making a *prima facie* showing that 21st Century

and Georgas have minimum contacts with Texas. Even if Bluesky had succeeded in making a *prima facie* showing, however, the Court would decline to exercise personal jurisdiction because doing so would offend traditional notions of fair play and substantial justice. Therefore, 21st Century and Georgas' Motion to Dismiss is **GRANTED.** The Court does not, of course, express any opinion as to the underlying merits of this case or as to any claims that may subsequently be brought.

**IT IS SO ORDERED.**

**SIGNED** on this the 14th day of November, 2011.

_____
**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**