UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BLUESKYGREENLAND ENVIRONMENTAL SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> V. <br><br> RENTAR ENVIRONMENTAL SOLUTIONS, INC., *et al.*, <br><br> Defendants. | § § § § § § § § § § § § § § Civil Action No. 4:11-cv-01745 |

**MEMORANDUM AND ORDER**

Before the Court is Defendant Rentar Environmental Solutions, Inc.'s Motion to Dismiss for Improper Forum and Lack of Personal Jurisdiction ("Motion"). (Doc. No. 18.) After examining the Motion, all responses and replies thereto, and the applicable law, the Court determines that the Motion must be **GRANTED**.

**I.    BACKGROUND**

The Court previously issued a Memorandum and Order in this case, granting Defendants 21st Century Planet Fund LLC and Gregory E. Georgas' Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. No. 29.) Familiarity with the facts of this case, as outlined in the Memorandum and Order issued on November 13, 2011, is assumed. One of the remaining Defendants, Rentar Environmental Solutions, Inc. ("Rentar"), now brings this Motion, seeking to dismiss all claims against it because of improper forum and, alternatively, because this Court lacks personal jurisdiction. First, Rentar asserts that

Rentar and Plaintiff Bluesky Greenland Environmental Solutions, LLC ("Bluesky") executed a contract which contains a forum selection clause requiring any lawsuit between the parties to be filed in state court in Dade County or Palm Beach County, Florida ("the Contract"). (Motion to Dismiss 1.) Specifically, the Contract's jurisdiction and venue clause states: "If any lawsuit between the parties should arise, the dispute will be resolved exclusively in Florida State courts in Dade County or Palm Beach County with each party responsible for its own legal fees and costs. Florida law shall govern without regard to conflicts of law provisions. Each party waives any objection to venue, jurisdiction, and inconvenient forum." (*Id.* 4; Ex. B to Mot. Dismiss, Rentar Master Distributer Agreement 2.) As the forum selection clause is reasonable, Rentar contends, the Court should dismiss the claims against Rentar. (*Id.*) In addition, Rentar states that it has no jurisdictional contacts with Texas. (*Id.*) Therefore, Rentar argues, the claims against it should be dismissed under Federal Rule of Civil Procedure 12(b)(2). (*Id.* 5.)

In its Response, Bluesky insists that this Court does, in fact, have personal jurisdiction over Rentar. (Doc. No. 19, Resp. to Mot. Dismiss 15-18.) Bluesky also filed a Sur-Reply in which it argues that the forum selection clause is inapplicable because Bluesky "is not suing over an order placed and paid for and a failure to ship by Rentar." (Doc. No. 24, Sur-Reply to Mot. Dismiss 2.) Rather, Bluesky contends, its Complaint "focuses on actions by a group of defendants to induce [Bluesky] into performing acts for the benefit of the defendants in their joint plan to launch a new business enterprise in India." (*Id.*) As "[t]he contents of the supply contract that [Bluesky] once had with [Rentar] are irrelevant to [Bluesky's] causes of action," Bluesky avers, the mandatory forum selection clause is irrelevant. (*Id.*)

2

## II.     APPLICABLE LAW

Rentar's Motion to Dismiss implicates two legal standards: The enforceability of forum selection clauses and personal jurisdiction.

### A.  *Enforceability of Forum Selection Clauses*

On a motion to dismiss for improper venue under 12(b)(3), this Court must accept as true all allegations in Bluesky's Complaint and resolve all conflicts in favor of Bluesky. *Braspetro Oil Services Co. v. Modec (USA), Inc.*, 240 Fed.Appx. 612, 615 (5th Cir. 2007). "'Federal law applies to determine the enforceability of forum selection clauses in both diversity and federal question cases.'" *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008) (quoting *Braspetro Oil Servs. Co.*, 240 Fed.Appx. at 615). Forum selection clauses "'are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" *Braspetro Oil Services Co.*, 240 Fed.Appx. at 615 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). To determine whether a forum selection clause is unreasonable, this Court must analyze whether:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Calix-Chacon v. Global Intern. Marine, Inc.*, 493 F.3d 507, 511 (5th Cir. 2007) (quoting *Haynsworth v. Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991))).

### B. Personal Jurisdiction

"Absent a rule or statute to the contrary, . . . a federal court [may] exercise jurisdiction over only those defendants who are subject to the jurisdiction of courts of the state in which the court sits." *Point Landing, Inc. v. Omni Capital Intern., Ltd.*, 795 F.2d 415, 419 (5th Cir. 1986), *aff'd sub nom. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987). The Court's constitutional due process inquiry into personal jurisdiction also serves as an inquiry into personal jurisdiction under the Texas long-arm statute. *Command-Aire Corp. v. Ontario Mech. Sales & Service Inc.*, 963 F.2d 90, 93-94 (5th Cir. 1992).

Plaintiffs bear the burden of demonstrating facts sufficient to support personal jurisdiction over any nonresident defendants. *United Galvanizing, Inc. v. Imperial Zinc Corp.*, No. H-08-0551, 2008 WL 4746334, at *3 (S.D. Tex Oct. 27, 2008). To comport with constitutional due process, plaintiffs must show that: (1) defendants purposefully availed themselves of the benefits and protections of Texas law, thereby establishing "minimum contacts" with Texas such that defendants could reasonably have anticipated being haled into court there; and (2) under the circumstances, the exercise of personal jurisdiction does "not offend traditional notions of fair play and substantial justice." *Command-Aire Corp.*, 963 F.2d. at 94 (citing *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); and *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir.1990)). "'There are two types of minimum contacts: those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction.'" *Johnston v. Multidata Systems Intern.*

*Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)).

Specific jurisdiction exists "[w]hen a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citation omitted). "The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Burger King*, 471 U.S. at 474). *See also Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 369 (5th Cir. 2010) ("The 'purposeful availment' element ensures that a defendant will not be haled into court in a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or the unilateral activity of another person or third party."). Further, specific jurisdiction "requires a sufficient nexus between the non-resident's contacts with the forum and the cause of action." *Clemens*, 615 F.3d at 378-79. Indeed, the non-resident defendant must purposefully avail herself of the privilege of conducting activities in the forum state. *Id.* at 379.

General jurisdiction, in contrast, can be exercised when a defendant's contacts with the forum state are substantial, continuous, and systematic, though unrelated to the litigation. *Cent. Freight Lines, Inc.*, 322 F.3d at 381. The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston*, 523 F.3d at 609.

Although the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists, a *prima facie* showing suffices, and the plaintiff need not

establish jurisdiction by a preponderance of the evidence. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citation omitted). Moreover, the "court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Id.* (citation omitted). "'The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

### III. ANALYSIS

The Court concludes that the forum selection clause is enforceable and that it applies to Bluesky's claims. First, Bluesky has not succeeded in showing that the forum selection clause is unreasonable. Indeed, Bluesky has "produced no evidence that the forum selection clause was the result of fraud or overreaching, that it violates a strong public policy of this forum, or that it would deprive [Bluesky] of [its] day in court." *Financial Casualty & Surety, Inc. v. Mascola*, No. H-11-0120, 2011 WL 3020934, at *2 (S.D. Tex. July 22, 2011). Bluesky has simply not met its "heavy burden of proof" to show that the forum selection clause is unenforceable. *Ginter ex rel. Ballard v. Belcher, Prendergast & Japorte*, 536 F.3d 439, 441 (5th Cir. 2008) (internal quotations omitted).

Second, the forum selection clause clearly applies to Bluesky's claims. This Court assumes "not only that '[f]ederal law governs the determination of whether an enforceable forum selection clause exists[,]' but also that federal law controls whether [Bluesky's] lawsuit falls within the scope of the forum selection clause." *Ondova Ltd. Co. v. Manila Industries, Inc.*, 513 F.Supp.2d 762, 772 (N.D. Tex. June 16, 2007) (quoting

6

*Aerus LLC v. Pro Team, Inc.*, 2005 WL 1131093, at *1 (N.D. Tex. May 9, 2005) and citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000) ("In diversity cases, federal law governs the analysis of the effect and scope of forum selection clauses.")). Notably, "[t]he scope of a forum selection clause is not limited solely to claims for breach of the contract that contains it." *MaxEn Capital, LLC v. Sutherland*, No. H-08-3590, 2009 WL 936895, at *6 (S.D. Tex. April 3, 2009). This Court should "look to the language of the parties' contracts to determine which causes of action are governed by the forum selection clauses." *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir. 1998). *See also TGI Friday's Inc. v. Great Northwest Restaurants*, 652 F.Supp.2d 750, 759 (N.D. Tex. 2009). "The language of the forum-selection clause is particularly important," as "[c]lauses that extend to all disputes that 'relate to' or 'are connected with' the contract are construed broadly, while clauses that cover disputes 'arising out of' or over 'the implementation and interpretation of' the contract are construed narrowly." *Pinnacle Interior Elements, Ltd. v. Panalpina*, No. 3:09-CV-0430-G, 2010 WL 445927, at *5 (N.D. Tex. Feb. 9, 2010) (quoting *Pennzoil Exploration and Production Company v. Ramco Energy Limited*, 139 F.3d 1061, 1067 (5th Cir. 1998); *MaxEn Capital, LLC v. Sutherland*, 2009 WL 936895, at *6 (S.D. Tex. Apr. 3, 2009)). Therefore, "[w]hether a forum selection clause encompasses other claims depends principally on how broadly the clauses are worded." *MaxEn Capital, LLC*, 2009 WL 936895, at *6.

Following Fifth Circuit precedent, this Court thus looks to the language of the Contract's forum selection clause to determine whether Bluesky's claims fall within its scope. The forum selection clause states: "If any lawsuit between the parties should arise,

7

the dispute will be resolved exclusively in Florida State courts in Dade County or Palm Beach County with each party responsible for its own legal fees and costs." (Rentar Master Distributor Agreement 2.) As the forum selection clause applies to "any lawsuit," Bluesky's claims clearly fall within it. Although the Court has not found a case involving a forum selection clause with equally broad language, Fifth Circuit case law is clear that the scope of a forum selection clause is determined by the clause's language. Therefore, the Court will not contravene a reasonable forum selection clause that states that any dispute between the parties should be resolved in Florida courts. Indeed, it was the parties' option to enter into a broad forum selection clause; as the clause is reasonable, the Court must respect it.

Finally, the Court disagrees that the forum selection clause is inapplicable if the contract has expired, has been terminated, or has been breached. Indeed, such an interpretation "runs counter to the law favoring forum-selection clauses." *Texas Source Group, Inc. v. CCH, Inc.*, 967 F.Supp. 234, 237 (S.D. Tex. 1997). *See United Natural Foods, Inc. v. Hagen*, No. 3:10cv809 (JBA), 2010 WL 3211070, at *3 n.2 (D.Conn. Aug. 13, 2010) ("Defendants assert a timeliness argument, similarly unavailing, regarding the forum-selection clause. They argue that the entire Agreement, including the forum-selection clause, expired on December 7, 2007. However, the forum-selection clause contains no expiration date or temporal limitation at all."); *VERSAR, Inc. v. Ball*, No. CIV.A. 01-1302, 2001 WL 818354, at *2 (E.D. Pa. July 12, 2001) ("Unless otherwise expressed, a choice of forum clause does not expire upon termination of the contract from which it derives."); *Texas Source Group, Inc. v. CCH, Inc.*, 967 F.Supp. at 237 ("[I]t is altogether inconsistent for the plaintiffs to now argue that the forum-selection clause is

8

unenforceable based on an alleged breach of the Agreement…. Were the Court to rule otherwise, a party could defeat a validly negotiated forum-selection clause by simply alleging that the nonmoving party breached the contract, rendering the clause wholly superfluous."); *Allied Sound, Inc. v. Dukane Corp.*, 934 F.Supp. 272, 275 (M.D. Tenn. 1996) (observing that "a choice of forum clause does not necessarily expire upon the termination of the agreement from which it derives" and concluding that the forum clause in that case had not expired because there was no "indication, express or implicit, that the parties intended the choice of forum clause to become invalid upon termination of the agreement"); *Advent Electronics, Inc. v. Samsung Semiconductor, Inc.*, 709 F.Supp. 843, 846 (N.D. Ill. 1989) ("In the absence of contractual language expressly or implicitly indicating the contrary, a forum selection clause survives termination of the contract.").

The Court concludes that the forum selection clause is enforceable and that Bluesky's claims fall within its scope. As the Court makes this finding, it will not reach whether it would otherwise have personal jurisdiction over Rentar.

### IV.   CONCLUSION

For the reasons outlined above, Rentar's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED** on this the 20th day of December, 2011.

_____
**KEITH P. ELLISON**
**UNITED STATES DISTRICT COURT JUDGE**