UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BLUESKYGREENLAND** | § | |
| **ENVIRONMENTAL SOLUTIONS,** | § | |
| **LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Civil Action No. 4:11-cv-01745** |
| V. | § | |
| | § | |
| **RENTAR ENVIRONMENTAL** | § | |
| **SOLUTIONS, INC.,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Before the Court are two Motions: Plaintiff's Motion to Reconsider Order of Dismissal for Lack of Personal Jurisdiction of Defendants 21st Century Planet Fund, L.L.C.; and, Gregory Georgas ("First Motion to Reconsider") (Doc. No. 33) and Plaintiff's Motion to Reconsider Motion to Dismiss for Lack of Personal Jurisdiction over Renter Environmental Solutions, Inc. ("Second Motion to Reconsider") (Doc. No. 41). After considering the Motions, all responses thereto, and the applicable law, the Court concludes that the Motions (Doc. Nos. 33 & 41) must be **DENIED.**

### I. BACKGROUND[1]

Plaintiff Blueskygreenland Environmental Solutions, LLC ("Plaintiff" or "Bluesky") is a Texas limited liability company that exports environmentally-friendly United States products and services. Rentar Environmental Solutions, Inc. ("Rentar") manufactures an in-line pre-combustion fuel catalyst ("RFC"), which treats fuel to

---

[1] All facts are taken from Plaintiff's Amended Complaint (Doc. No. 26).

1

enhance combustion, thus increasing fuel efficiency and reducing emissions. In 2007, Bluesky and Rentar entered into a contract granting Bluesky a distributorship of Rentar's product in various countries, including India. The contract was set to expire in 2010. Bluesky claims that it invested more than $250,000 and three years of research to market RFC to potential customers in India. Bluesky states that these efforts, which Bluesky alone paid for, created goodwill and name recognition for the product among potential Indian customers. Prior to 2010, any inquiries about Rentar products from the Indian market were allegedly forwarded to Bluesky, and Rentar acknowledged Bluesky as the sole distributor of its products in India. Although the written agreement between the companies stated that the distributorship was non-exclusive, Bluesky believes that telephone and email communications established Bluesky as the exclusive Indian distributor.

Bluesky states that, in summer of 2010, Rentar introduced Bluesky by phone to Mike Hoban ("Hoban"), the business agent of Gregory E. Georgas ("Georgas"). Bluesky claims that it was informed that Hoban's "group in India" employed someone named Venkat Kumar Tangirala ("Venkat Tangirala"). In June 2010, Rentar allegedly arranged conference calls between itself, Bluesky, and Hoban concerning business affairs in India. According to Bluesky, the parties then met in person in West Palm Beach, Florida in July 2010, and also exchanged various emails. Pursuant to Hoban's request, Bluesky claims that he provided Venkat Tangirala with all of its research and marketing materials. Once he received the materials, Bluesky alleges, Targirala realized "the very large scope and the commercial viability of the business in the huge Indian market." Bluesky believes that, as a result, Venkat Tangirala began negotiations with Rentar and Hoban to persuade

2

them to drop Bluesky as the exclusive distributor in India and to substitute Venkat Tangirala and a new entity in Bluesky's place. Georgas then allegedly formed a Florida corporation, 21st Century Planet Fund, LLC ("21st Century"), to participate in the India venture. In July 2010, Bluesky explains, Bluesky and 21st Century entered into a written contract to split the profits equally on sales to APSRTC, the India State bus line. Thereafter, Bluesky claims, 21st Century dissolved and reformed as a Delaware corporation for the purpose of avoiding contractual liability to Bluesky.

According to Bluesky, Tangirala's brother, Ravi Kumar Tangirala ("Ravi Tangirala") then facilitated an agreement between Rentar, 21st Century, and Hoban for the Indian market. Bluesky explains that this agreement established 21st Century and the Tangirala brothers as the exclusive distributors of Rentar's product in India. This agreement was allegedly signed while Rentar's contract with Bluesky was still in effect. Bluesky argues that the purpose of the agreement was to appropriate and steal the extensive scientific and marketing work Bluesky had done to prepare the Indian market for Rentar's product.

Bluesky brought this suit in Texas state court against Rentar, Georgas, 21st Century, Hoban, Venkat Tangirala, and Ravi Tangirala (collectively, "Defendants"). Defendants then removed this lawsuit pursuant to this Court's diversity jurisdiction. In its First Amended Complaint, Bluesky brings actions against Defendants for promissory estoppel/detrimental reliance, unjust enrichment, common law fraud, civil conspiracy, interference with a business relationship, and interference with a contract. Bluesky seeks general, special, and exemplary damages, as well as attorneys' fees. Defendants 21st Century and Georgas filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc.

3

No. 5), which the Court granted (Doc. No. 29). Rentar then brought another Motion to Dismiss, seeking to dismiss all claims against it because of improper forum and, alternatively, because this Court lacks personal jurisdiction. (Doc. No. 18.) The Court granted this second Motion as well. (Doc. No. 37.)

## II. LEGAL STANDARD

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order. *Amegy Bank Nat. Ass'n v. Monarch Flight II, LLC*, 2011 WL 6091807, at *5 (S.D.Tex. Dec. 7, 2011); *In re BP Shareholder Derivative Litig.*, 2011 WL 5880946, at *2 (S.D.Tex. Nov. 23, 2011). Because less than 28 days passed between the Court's orders of dismissal and Plaintiff's filing of the Motions for Reconsideration, Rule 59(e) applies in this case.

A motion to alter or amend under Rule 59(e) "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A district court has "considerable discretion" to grant or deny a motion under Rule 59(e). *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit cautions

4

that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir.2004).

### III. ANALYSIS

#### A. First Motion to Reconsider

In its first Memorandum and Order, the Court dismissed Plaintiff's claims against 21st Century and Georgas. Bluesky argued that this Court had personal jurisdiction over 21st Century and Georgas based on actions by Edge Solutions, LLC ("Edge"), their alleged agent. The Court concluded that Bluesky had introduced no facts to support its allegations that Edge was 21st Century and Georgas' agent, and found that the facts in the record strongly suggested Edge was an independent contractor. (Doc. No. 29, Nov. 14, 2011 Memorandum and Order at 8-9.) Thus Edge's contacts with Texas, even if sufficient to establish personal jurisdiction over Edge, did not permit this Court to assert personal jurisdiction over 21st Century and Georgas. (*Id.* at 9.) The Court went on to conclude that the Court did not have personal jurisdiction over 21st Century and Georgas based on their own actions, as neither Georgas nor 21st Century had ever: maintained an office or place of business in Texas; maintained a registered agent for service process in Texas; maintained local listings in telephone or business directories in Texas; owned any property or assets in Texas; paid taxes in Texas; had employees, managers, officers, directors, or agents in Texas; advertised in Texas; recruited any Texas residents; sold products or services in Texas; or maintained a website. (*Id.* at 9-10.) The Court also held that there was no specific jurisdiction because the single connection between 21st Century and Georgas and the forum state—a telephone call with Bluesky—did not give rise to the claims in the lawsuit. (*Id.* at 10-11.)

Bluesky now asks the Court to reconsider that decision. Bluesky claims that the July 15, 2010 contract between 21st Century and Edge, which specified that Edge was an independent contractor, is inapplicable because it was actually between 21st Century Planet Fund, LP and Edge Solutions, LLC, neither of which is a party to this lawsuit. (First Mot. Reconsider at 2.) Furthermore, 21st Century Planet Fund, LP was voluntarily dissolved on November 12, 2010, and 21st Century Planet Fund, LLC (referred to as "21st Century" in the Court's prior Memorandum and Order) was formed in Delaware on October 7, 2010. (*Id.* at 3.) Therefore, Bluesky avers, the contract's language is inapplicable to this lawsuit. (*Id.*) Furthermore, the contract states that the independent contractor cannot sign documents on behalf of the client; according to Bluesky, this clause implies Edge was actually an agent for 21st Century and Georgas. (*Id.*) Bluesky insists: "Because the terms of the negotiated agreements must be approved by the signing party, that party has the authority to direct and control the work of the agent." (*Id.*)

The Court notes that Bluesky could have raised these arguments in its response to the 21st Century and Georgas' Motion to Dismiss, and failed to do so. Furthermore, Bluesky does not demonstrate manifest error of law or fact, or introduce newly discovered evidence. As to the merits, it should first be noted that as 21st Century and Georgas observe in their Response to the First Motion to Reconsider, Bluesky does not address the fact that the Court had concluded that personal jurisdiction over 21st Century and Georgas would offend traditional notions of fair play and substantial justice. (Doc. No. 38, Resp. to First Mot. Reconsider at 3; Nov. 14, 2011 Memorandum and Order at 12.) Although Bluesky attaches additional emails to the First Motion to Reconsider in order to support its argument that an agency relationship exists, none of these emails

6

evidence words or conduct by 21st Century or Georgas establishing an agency relationship. (*Id.* at 4; Ex. A to First Mot. Reconsider.)

Second, as 21st Century and Georgas explain, "Bluesky offers *no evidence* to supports [sic] its contention that 21st Century Planet Fund, LP dissolved and that 21st Century was formed and later admitted to do business in Florida." (*Id.* at 5.) Furthermore, the July 15, 2010 contract explicitly states that it "shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns." (Doc. No. 38-3, Ex. A-2 to Resp. to First Mot. Reconsider, Edge Solutions Marketing Agreement ¶ 8(d).) Georgas also explains in an affidavit that "[w]hile the 21st Century/Edge Agreement states that 21st Century LP is a party, once 21st Century LLC was admitted to do business in Florida, 21st Century LLC and Edge agreed that Edge would perform all of its work under the 21st Century/Edge Agreement for 21st Century LLC, as the successor to 21st Century LP." (Doc. No. 38-4, Ex. A-3 to First Mot. Reconsider, Gregory E. Georgas Aff. ¶ 5.)

Third, the fact that Edge could not sign contracts on 21st Century's behalf does not establish that the 21st Century had the right to (1) assign Edge's tasks and (2) control the means and details of the process by which Edge accomplished its tasks. *Indian Harbor Ins. Co. v. Valley Forge Ins. Group*, 535 F.3d 359, 364 (5th Cir. 2008). Therefore, Edge's inability to sign contracts does not give rise to an agency relationship. Bluesky has not demonstrated its entitlement to Rule 59(e) relief. Plaintiff's First Motion to Reconsider must be denied.

**B. Second Motion to Reconsider**

Bluesky also challenges the Court's decision to dismiss its claims against Rentar based on a forum selection clause (the "Clause") in a contract between Bluesky and Rentar. The Clause provided: "If any lawsuit between the parties should arise, the dispute will be resolved exclusively in Florida State courts in Dade County or Palm Beach County with each party responsible for its own legal fees and costs. Florida law shall govern without regard to conflicts of law provisions. Each party waives any objection to venue, jurisdiction, and inconvenient forum." (Doc. No. 18-2, Ex. B to Mot. Dismiss, Rentar Master Distributor Agreement at 2; Doc. No. 37, Dec. 20, 2011 Memorandum and Order at 6-9.) The Court concluded that Bluesky had not demonstrated that the Clause was unreasonable. (Dec. 20, 2011 Memorandum and Order at 6.) Relying on Fifth Circuit precedent suggesting that a forum selection clause's scope is determined by the clause's language, the Court determined that the Clause applied to the current dispute. (*Id.* at 6-9.) The Court therefore dismissed Bluesky's claims against Rentar. (*Id.*)

In the Second Motion to Reconsider, Bluesky asserts: "The first rule of contract law is the ascertainment of the intent of the parties. Can it be said that the parties anticipated a fraud of the type lead [sic] by the plaintiff?" (Second Mot. Reconsider at 8.) Bluesky then asks, "Does [sic] Texas, or the federal courts, have a policy against allowing a tortfeasor accused of theft of information to enforce a forum selection clause that makes litigation unduly burdensome to the victim?" (*Id.*) Bluesky goes on to outline the following arguments: (1) "the facts behind plaintiff's case are not the same if it were attempting to enforce some term of the written agreement"; (2) "the parties could not have intended that an automobile accident between them would be covered by the contract, clearly a point is reached where the subject matter of the suit comes out from

8

under the forum selection clause"; and (c) "tortfeasors should not be allowed to demand the plaintiff sue them on their home turf if the tort must be outside the contemplation of the parties at the time of contracting." (Second Mot. Reconsider at 8.) Bluesky also attaches an affidavit explaining that litigating this case in Florida would be unduly costly and burdensome. (Doc. No. 41-1, Ex. A to Second Mot. Reconsider, Abid Ansari Aff. ¶ 4.)

Plaintiff's arguments are unavailing. First, state contract law does not apply to the interpretation of forum selection clauses; rather, the Court must look to federal law. *Ondova Ltd. Co. v. Manila Industries, Inc.*, 513 F.Supp.2d 762, 772 (N.D. Tex. June 16, 2007) (quoting *Aerus LLC v. Pro Team, Inc.*, 2005 WL 1131093, at *1 (N.D. Tex. May 9, 2005); citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497 (9th Cir. 2000) ("In diversity cases, federal law governs the analysis of the effect and scope of forum selection clauses.")) ("In determining whether the forum selection clause applies, the court will assume not only that '[f]ederal law governs the determination of whether an enforceable forum selection clause exists[,]' but also that federal law controls whether [plaintiff's] lawsuit falls within the scope of the forum selection clause."). Second, the Court followed clear Fifth Circuit precedent guiding courts to "look to the language of the parties' contracts to determine which causes of action are governed by the forum selection clauses." *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 222 (5th Cir. 1998). The clear language of the contract applied to all disputes between the parties.

Third, Bluesky has either made these arguments before, or could have raised these issues with the Court in its Response to the Motion to Dismiss. Nor does Bluesky show a manifest error of law or fact. Although Bluesky presents new evidence in the form of an

9

affidavit explaining the burden of litigating this case in Florida, that evidence is not "newly discovered." As such, Bluesky has not shown a proper basis for reconsideration of the Court's prior Memorandum and Order granting Rentar's Motion to Dismiss.

## IV. CONCLUSION

For the reasons explained above, Plaintiff's First Motion to Reconsider (Doc. No. 33) and Second Motion to Reconsider (Doc. No. 41) are **DENIED** with prejudice.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 8th day of February, 2012.

_____
**KEITH P. ELLISON
US DISTRICT COURT JUDGE**