**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BLUESKYGREENLAND ENVIRONMENTAL SOLUTIONS, L.L.C.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 4:11-cv-01745** |
| **V.** | § | |
| | § | |
| **RENTAR ENVIRONMENTAL SOLUTIONS, INC., *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion for Summary Judgment Against Defendants Michael Hoban and Ravi Tangirala ("Motion for Summary Judgment") (Doc. No. 44) and Defendants Michael P. Hoban and Ravi Kiran Tangirala's First Amended Motion to Dismiss for (1) Improper Forum, (2) Lack of Personal Jurisdiction and (3) Failure to Join a Required Party under Rule 19 ("Motion to Dismiss") (Doc. No. 64) ("Motions"). After considering the Motion to Dismiss, all responses and replies thereto, and the applicable law, the Court concludes that the Motion to Dismiss (Doc. No. 64) must be **GRANTED.**

**I. BACKGROUND**

The Court has detailed the facts extensively in its three prior Memoranda and Orders in this case. The Court will review those facts briefly here. Plaintiff Blueskygreenland Environmental Solutions, LLC ("Plaintiff" or "Bluesky") is a Texas limited liability company that exports environmentally-friendly United States products and services. Rentar Environmental Solutions, Inc. ("Rentar") manufactures an in-line pre-combustion fuel catalyst ("RFC"), which treats fuel to enhance combustion, thus

increasing fuel efficiency and reducing emissions. In 2007, Bluesky and Rentar entered into a contract granting Bluesky a distributorship of Rentar's product in various countries, including India. The contract was set to expire in 2010. Bluesky claims that it invested more than $250,000 and three years of research to market RFC to potential customers in India. Bluesky states that these efforts, which Bluesky alone paid for, created goodwill and name recognition for the product among potential Indian customers. Prior to 2010, any inquiries about Rentar products from the Indian market were allegedly forwarded to Bluesky, and Rentar acknowledged Bluesky as the sole distributor of its products in India. Although the written agreement between the companies stated that the distributorship was non-exclusive, Bluesky believes that telephone and email communications established Bluesky as the exclusive Indian distributor.

Bluesky states that, in summer of 2010, Rentar introduced Bluesky by phone to Mike Hoban ("Hoban"), the business agent of Gregory E. Georgas ("Georgas"). Bluesky claims that it was informed that Hoban's "group in India" employed someone named Venkat Kumar Tangirala ("Venkat Tangirala"). In June 2010, Rentar allegedly arranged conference calls between itself, Bluesky, and Hoban concerning business affairs in India. According to Bluesky, the parties then met in person in West Palm Beach, Florida in July 2010, and also exchanged various emails. Pursuant to Hoban's request, Bluesky claims that it provided Venkat Tangirala with all of its research and marketing materials. Once he received the materials, Bluesky alleges, Venkat Targirala realized "the very large scope and the commercial viability of the business in the huge Indian market." Bluesky believes that, as a result, Venkat Tangirala began negotiations with Rentar and Hoban to persuade them to drop Bluesky as the exclusive distributor in India and to substitute Venkat

Tangirala and a new entity in Bluesky's place. Georgas then allegedly formed a Florida corporation, 21st Century Planet Fund, LLC ("21st Century"), to participate in the India venture. In July 2010, Bluesky explains, Bluesky and 21st Century entered into a written contract to split the profits equally on sales to APSRTC, the India State bus line. Thereafter, Bluesky claims, 21st Century dissolved and reformed as a Delaware corporation for the purpose of avoiding contractual liability to Bluesky.

According to Bluesky, Venkat Tangirala's brother, Ravi Kumar Tangirala ("Ravi Tangirala") then facilitated an agreement between Rentar, 21st Century, and Hoban for the Indian market. Bluesky explains that this agreement established 21st Century and the Tangirala brothers as the exclusive distributors of Rentar's product in India. This agreement was allegedly signed while Rentar's contract with Bluesky was still in effect. Bluesky argues that the purpose of the agreement was to appropriate and steal the extensive scientific and marketing work Bluesky had done to prepare the Indian market for Rentar's product.

Bluesky brought this suit in Texas state court against Rentar, Georgas, 21st Century, Hoban, Venkat Tangirala, and Ravi Tangirala (collectively, "Defendants"). Defendants then removed this lawsuit pursuant to this Court's diversity jurisdiction. In its First Amended Complaint, Bluesky brings actions against Defendants for promissory estoppel/detrimental reliance, unjust enrichment, common law fraud, civil conspiracy, interference with a business relationship, and interference with a contract. Bluesky seeks general, special, and exemplary damages, as well as attorneys' fees. Defendants 21st Century and Georgas filed a Motion to Dismiss for Lack of Personal Jurisdiction (Doc. No. 5), which the Court granted (Doc. No. 29). Rentar then brought another Motion to Dismiss,

seeking to dismiss all claims against it because of improper forum and, alternatively, because this Court lacks personal jurisdiction. (Doc. No. 18.) The Court granted this Motion to Dismiss as well. (Doc. No. 37.) In February 2012, the Court rejected Bluesky's Motions for Reconsideration. (Doc. No. 45.) Currently before the Court are Bluesky's Motion for Summary Judgment (Doc. No. 44) and Hoban and Ravi Tangirala's Motion to Dismiss (Doc. No. 64). As Venkat Tangirala has been voluntarily dismissed from the lawsuit (Doc. No. 65), his Motion to Dismiss (Doc. No. 48) is considered moot.

## II. LEGAL STANDARD

"Absent a rule or statute to the contrary, . . . a federal court [may] exercise jurisdiction over only those defendants who are subject to the jurisdiction of courts of the state in which the court sits." *Point Landing, Inc. v. Omni Capital Intern., Ltd.*, 795 F.2d 415, 419 (5th Cir. 1986), *aff'd sub nom. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987). Because the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-17.045, is coterminous with the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Court's constitutional due process inquiry into personal jurisdiction also serves as an inquiry into personal jurisdiction under the Texas long-arm statute. *Command-Aire Corp. v. Ontario Mech. Sales & Service Inc.*, 963 F.2d 90, 93-94 (5th Cir. 1992).

Plaintiffs bear the burden of demonstrating facts sufficient to support personal jurisdiction over any nonresident defendants. *United Galvanizing, Inc. v. Imperial Zinc Corp.*, No. H-08-0551, 2008 WL 4746334, at *3 (S.D. Tex Oct. 27, 2008). To comport with constitutional due process, plaintiffs must show that: (1) defendants purposefully availed themselves of the benefits and protections of Texas law, thereby establishing

"minimum contacts" with Texas such that defendants could reasonably have anticipated being haled into court there; and (2) under the circumstances, the exercise of personal jurisdiction does "not offend traditional notions of fair play and substantial justice." *Command-Aire Corp.*, 963 F.2d. at 94 (citing *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); and *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir.1990)). "'There are two types of minimum contacts: those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction.'" *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)).

Specific jurisdiction exists "[w]hen a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citation omitted). "The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Burger King*, 471 U.S. at 474). *See also Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 369 (5th Cir. 2010) ("The 'purposeful availment' element ensures that a defendant will not be haled into court in a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or the unilateral activity of another person or third party."). Further, specific jurisdiction "requires a sufficient nexus between the non-resident's contacts with the forum and the cause of action." *Clemens*, 615 F.3d at 378-79. Indeed, the non-resident defendant must purposefully avail herself of the privilege of conducting activities in the forum state. *Id.* at 379.

General jurisdiction, in contrast, can be exercised when a defendant's contacts with the forum state are substantial, continuous, and systematic, though unrelated to the litigation. *Cent. Freight Lines, Inc.*, 322 F.3d at 381. The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston*, 523 F.3d at 609.

Although the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists, a *prima facie* showing suffices, and the plaintiff need not establish jurisdiction by a preponderance of the evidence. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citation omitted). Moreover, the "court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Id.* (citation omitted). "'The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

**III. ANALYSIS**

The Court begins by examining the Motion to Dismiss. Ravi Tangirala and Hoban assert that the claims against them must be dismissed because of lack of personal jurisdiction, improper venue, and failure to join a required party under Federal Rule of Civil Procedure 19. (Mot. Dismiss at 9.) According to Ravi Tangirala and Hoban, they do not have minimum contacts with Texas. (*Id.* at 10.) Although Ravi Tangirala and Hoban admit that they communicated with Bluesky, which was located in the forum state, they

insist that these business-related communications were insufficient to confer personal jurisdiction. (*Id.* at 12.)

The Court agrees with Ravi Tangirala and Hoban's assessment. "A single act by a defendant can be enough to establish personal jurisdiction if that act gives rise to the claim asserted." *FCA Investments Co. v. Baycorp Holdings, Ltd.*, No. 01-20717, 2002 WL 31049442, at *2 (5th Cir. 2002) (citing *Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001)). The Fifth Circuit has observed that "[w]hen the *actual content* of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment" for the purposes of establishing personal jurisdiction. *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999) (emphasis added); *see also FCA Investments Co.*, 2002 WL 31049442, at *2 ("In cases alleging the intentional tort of fraud, the defendant's participation in a single telephone call is enough to establish personal jurisdiction if the content of the call gave rise to the fraud claim." (citing *Lewis*, 252 F.3d at 359)). When "communications merely solicit[] business from the forum, negotiate[] a contract, form[] an initial attorney-client relationship, or involve[] services not alleged to form the basis of the complaint," however, there is no purposeful availment. *Id.* Bluesky has not pleaded facts or presented evidence that would show specific jurisdiction. The Court also agrees with Ravi Tangirala and Hoban that Bluesky cannot make a *prima facie* showing of personal jurisdiction based only on the fortuity that it resides in Texas. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). Finally, Bluesky has likewise failed to plead facts or present evidence showing general jurisdiction. Additionally, Ravi Tangirala and Hoban attach affidavits to their Motion to Dismiss that

demonstrate that they have never had substantial, continuous, and systematic contacts with Texas. (Doc. Nos. 64-1, 64-2.)

In its Response to the Motion to Dismiss, Bluesky utilizes state pleading standards to assert that Ravi Tangirala and Hoban have been untimely in bringing their Motion to Dismiss. However, the Court observes that, pursuant to the requirements of Federal Rule of Civil Procedure 12(h), both Ravi Tangirala and Hoban preserved their affirmative defense of lack of personal jurisdiction in their Answers. (Doc. No. 1-2.) *See, e.g., Dell Marketing, L.P. v. Incompass IT, Inc.*, 771 F.Supp.2d 648, 652-654 (W.D. Tex. 2011). Nor have Ravi Tangirala and Hoban engaged in any motion practice or extensive substantive proceedings. *Compare McDermott v. FedEx Ground Systems, Inc.*, 520 F.Supp.2d 254, 256-57 (D. Mass. 2007); *Prime Lending, Inc. v. Moyer*, No. Civ.A.3:03-CV-0113-G, 2004 WL 1194461, at *3 (N.D. Tex. May 28, 2004). Although Ravi Tangirala and Hoban never filed an Amended Answer to the Amended Complaint, the Court finds that doing so was unnecessary given that the Amended Complaint merely deleted certain claims for relief. Therefore, they have not been untimely in filing this Motion to Dismiss.

Bluesky has not made a *prima facie* showing that this Court has jurisdiction over Ravi Tangirala and Hoban. The Court need not reach the remaining questions of venue and failure to join. The Motion to Dismiss must be granted, and Bluesky's Motion for Summary Judgment must be denied as moot.[1]

---

[1] The Court observes that even had Ravi Tangirala and Hoban failed to file their Motion to Dismiss, the Court would be compelled to deny the Motion for Summary Judgment. As support for his Motion for Summary Judgment, Plaintiff merely attaches his own affidavit. Conclusory affidavits are insufficient to defeat motions for summary judgment. *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (citing *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)). Plaintiff does attach a handful of additional documents to his Reply (Doc. No. 58). Specifically, Plaintiff includes several business emails, an unsigned "Free Trial Offer" from Plaintiff to Rentar, an unsigned contract, and a letter from Rentar indicating that Plaintiff is the distributor for India and the Middle East for the product "The Rentar Catalyst." (Doc. No. 58 at 1-17.) The Court would decline to consider this additional evidence

**IV. CONCLUSION**

For the reasons explained above, the Court **GRANTS** Ravi Tangirala and Hoban's Motion to Dismiss. (Doc. No. 64.) Bluesky's Motion for Summary Judgment is **DENIED** as moot.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 7th day of May, 2012.

**KEITH P. ELLISON**
**US DISTRICT COURT JUDGE**

---

that Tangirala and Hogan had not had the opportunity to respond to. *See Hegwood v. Ross Stores, Inc.*, No. 3:04-CV-2674-BH (G), 2007 WL 102993, at *1 n.3 (N.D. Tex. Jan. 16, 2007); *Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998) ("Having accepted the reply brief [to the Motion for Summary Judgment], the district court in fact had two permissible courses of action. It could either have permitted a surreply or, in granting summary judgment for the movant, it could have refrained from relying on any new material contained in the reply brief."); *Springs Industries, Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) ("[W]here a movant has injected new evidentiary materials in a reply without affording the nonmovant an opportunity for further response, the court still retains the discretion to decline to consider them."). Even were the Court to weigh these documents in its analysis, however, none of them demonstrates the absence of a genuine issue of material fact.